Filed 11/4/21  P. v. Miskam CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E076504 |
| v. | (Super.Ct.No. FSB1503713) |
| DUSTY MATIS MISKAM, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Harold T. Wilson, Jr., Judge.  Affirmed.

Jeanine G. Strong, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal and Eric A. Swenson, Deputy Attorneys General, for Plaintiff and Respondent.

1

INTRODUCTION

Appellant and defendant Dusty Matis Miskam was charged with first degree murder but pled no contest to voluntary manslaughter. He filed a petition under Penal Code[1] section 1170.95 to vacate the manslaughter conviction. A trial court denied the petition, concluding that defendant was ineligible for relief under section 1170.95 because he was not convicted of murder. Defendant appeals from the trial court's order and contends: (1) to promote the legislative purpose of section 1170.95, relief should apply to voluntary manslaughter; (2) denying resentencing to those convicted of manslaughter violates equal protection; and (3) Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437) abrogated the provocative act murder doctrine. We affirm.

PROCEDURAL BACKGROUND

In 2016, defendant was charged by information with murder (§ 187, subd. (a), count 1) and second degree robbery (§ 211, count 2). He entered a plea agreement and pled guilty to voluntary manslaughter (§ 192, subd. (a), added count 3) and grand theft from a person (§ 487, subd. (c), added count 4). In exchange, he was sentenced to a total term of 11 years in state prison, and counts 1 and 2 were dismissed.

In 2019, following the passage of Senate Bill 1437, which added section 1170.95 to the Penal Code, defendant petitioned for resentencing. The trial court denied the petition, finding him ineligible for relief because he pled guilty to voluntary manslaughter.

---

[1] All further statutory references will be to the Penal Code unless otherwise noted.

DISCUSSION

The Court Properly Denied Defendant's Petition

Defendant contends the trial court erred when it found him ineligible for section 1170.95 resentencing.  We disagree.

A.  *Section 1170.95 Does Not Apply to Voluntary Manslaughter*

Section 1170.95, subdivision (a), provides that "[a] person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts."  As this court recently explained, "[b]y its plain language, section 1170.95 thus makes resentencing relief available only to qualifying persons convicted of murder."  (*People v. Sanchez* (2020) 48 Cal.App.5th 914, 918  (*Sanchez*).)

Other courts have interpreted the language of section 1170.95 the same way. (*People v. Cervantes* (2020) 44 Cal.App.5th 884, 887 (*Cervantes*) ["The plain language of the statute is explicit; its scope is limited to murder convictions."]; *People v. Flores* (2020) 44 Cal.App.5th 985, 993 (*Flores*) ["Through its repeated and exclusive references to murder, the plain language of section 1170.95 limits relief only to qualifying persons who were convicted of murder."]; *People v. Turner* (2020) 45 Cal.App.5th 428, 435-436 (*Turner*) ["Relying on the clear language of the statute, courts including ours have concluded that section 1170.95 is unambiguous and does not provide relief to persons convicted of manslaughter."].)  These decisions all conclude that the statutory scheme unequivocally applies only to murder convictions.  (See *Turner*, at p. 436.)

3

Defendant asserts that section 1170.95 applies to persons who are convicted of first degree or second degree murder, and also to those who "*accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder.*" (§ 1170.95, subd. (a)(2), italics added.) He contends that section 1170.95 cannot be interpreted to provide relief only for those convicted of first or second degree murder, since such interpretation would render the italicized phrase in the statute surplusage. We rejected the same argument in *Sanchez*, finding it "unpersuasive because it 'ignores the introductory language in section 1170.95, subdivision (a) that limits petitions to persons "convicted of . . . *murder.*" ' " (*Sanchez, supra*, 48 Cal.App.5th at p. 919; see *Turner, supra*, 45 Cal.App.5th at p. 436.)

Defendant also claims "it is fundamentally unfair to conclude that the Legislature intended [Senate Bill] 1437 to reverse murder convictions but not lesser convictions based on the exact same set of facts." As we stated in *Sanchez*, "[w]e agree with the other courts that have rejected the *same argument.*" (*Sanchez, supra*, 48 Cal.App.5th at p. 919, italics added; see *Cervantes, supra*, 44 Cal.App.5th at p. 887; *Flores, supra*, 44 Cal.App.5th at pp. 996-997; *Turner, supra*, 45 Cal.App.5th at pp. 438-439.)

B.  *Equal Protection*

Defendant contends that interpreting section 1170.95 to exclude manslaughter violates equal protection under the state and federal Constitutions. He acknowledges that we rejected this contention in *Sanchez*, and asks us to reconsider our position. (See *Sanchez, supra*, 48 Cal.App.5th at pp. 920-921.) However, he has given us no reason to do so. Excluding those convicted of manslaughter from section 1170.95 does not violate

4

equal protection.  " 'The first step in an equal protection analysis is to determine whether the defendant is similarly situated with those who are entitled to the statutory benefit.' " (*Sanchez*, at p. 920.)  Defendant, like the defendant in *Sanchez*, was " 'convicted of voluntary manslaughter, a different crime from murder, which carries a different punishment.' "  (*Ibid.*)  In general, "offenders who commit different crimes are not similarly situated."  (*People v. Morales* (2019) 33 Cal.App.5th 800, 808.)  Defendant, like the defendant in *Sanchez* therefore " 'has failed to establish the threshold requirement of an equal protection claim:  disparate treatment of similarly situated persons.' "  (*Sanchez*, at p. 920.)

Defendant nonetheless contends there is no rational basis for applying Senate Bill 1437 in a discriminatory manner.  He claims that, "[e]xcluding a plea to a less serious offense would irrationally treat people who have lesser convictions . . . more harshly than those with [a] more serious conviction."  However, "the Legislature could have reasonably concluded 'that the punishment for voluntary manslaughter was appropriate, but the punishment for murder based on the [natural and probable consequences theory] could be excessive and reform was needed only there.' "  (*Sanchez*, *supra*, 48 Cal.App.5th at p. 921, see *Cervantes*, *supra*, 44 Cal.App.5th at p. 888 ["The decision not to include manslaughter in section 1170.95 [fell squarely] within the Legislature's 'linedrawing' authority as a rational choice that [was] not constitutionally prohibited."].)

C.  *The Provocative Act Murder Doctrine is Inapposite*

Defendant additionally asserts that *People v. Lee* (2020) 49 Cal.App.5th 254 (*Lee*), review granted July 15, 2020, S262459, held that Senate Bill 1437 did not abrogate the

5

provocative act murder doctrine, and argues that *Lee* was wrongly decided and "should not be adopted in this district." "Under the theory of provocative act murder, the perpetrator of an underlying crime is held liable for the killing of an accomplice by a third party." (*People v. Mejia* (2012) 211 Cal.App.4th 586, 602.) Here, defendant was not convicted under the provocative act murder doctrine; rather, he pled guilty to voluntary manslaughter and is thus ineligible for relief.

DISPOSITION

The trial court's order denying defendant's petition for resentencing is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS _____<br>J.

We concur:

McKINSTER _____<br>          Acting P. J.

MENETREZ _____<br>              J.